In the Matter of ABRAHAM S. KALKIN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, October 17, 1974.

*John G. Bonomi* of counsel (*Mary McDonald* with him on the brief), for petitioner.

*Dominic J. Sichenzia* of counsel (*Vincent L. Broderick,* attorney), for respondent.

*Per Curiam.* Petitioner moves to confirm the report of the Referee sustaining the charge of professional misconduct preferred against respondent, who was admitted to practice in the Second Judicial Department on November 8, 1933.

On October 29, 1971, respondent was convicted in the United States District Court for the Southern District of New York of 19 counts of mail fraud arising from his wrongful inclusion in judgments obtained for a client against delinquent debtors of 20% attorney's fees, despite the absence of any provision therefor in any of the installment contracts sued upon. He was fined $9,500 (the aggregate estimated overcharges) and sentenced to concurrent six-month prison terms on each count. Execution of the prison sentences was suspended and respondent placed on probation for a period of two years. The fine was paid and probation was terminated after 15 months.

The instant charge is, in substance, predicated on the same facts which led to the conviction hereinabove referred to. Respondent admitted his guilt before the Referee; and sought only to present evidence in mitigation and with regard to his character and background.

In 1961, while then representing approximately 60 retail stores in collection matters, respondent was retained by Sears, Roebuck & Co. ("Sears") to handle similar matters for it. Pursuant to his arrangement with Sears, respondent was to receive a

fixed fee per case, depending on the amount of the delinquent account. Respondent testified that since all of his other clients had provisions in their installment contracts for a 20% attorney's fee in the event an action was commenced on a delinquent account, he assumed (erroneously) that the Sears contract contained a similar provision.

Respondent's claim in this regard is not contested by petitioner; and he apparently did not personally profit at the outset from his mistake, because until late in 1963 or early in 1964 respondent indorsed checks received from the City Marshal to Sears. However, respondent admitted that from late 1963 until April 1966, after he learned that Sears did not have a 20% attorney's fee clause in its contract with its customers, he nevertheless continued to file claims demanding such a fee, which he then retained in addition to his flat rate fee from his client. And even though respondent discontinued the practice of demanding legal fees after April, 1966, he continued to seek, accept and retain the unauthorized fees which had been included in judgments entered on pre-April 1966 complaints until 1969, when he was indicted.

In mitigation, respondent, *inter alia*, calls attention to the fact that he has already refunded $6,000 to judgment debtors, and is actively seeking others entitled to refunds, notwithstanding the fact that restitution was not made a condition of his probation; he has never previously been found guilty of any misconduct (although he was once questioned by petitioner's Grievance Committee with respect to the practice of bringing actions in New York County regardless of whether venue there was proper) ; as a result of his indictment and conviction he has lost a number of clients, including Sears, to his financial detriment; his health is not good; and that he has always enjoyed a good reputation among fellow members of the Bar and in his community, as attested to by several affidavits and letters submitted on his behalf in this proceeding.

The charges against respondent are essentially admitted and the Referee's conclusion that respondent unlawfully used the mails to defraud installment debtors of his client finds support in the record and his report is confirmed.

Although respondent may have unwittingly entered into the practice of collecting a 20% fee through his ignorance of the nonexistence of an appropriate clause in the Sears contract, he failed to cease such wrongful practice after he learned of his initial error and continued his improper activities until the United States Attorney stepped into the picture.

Respondent is now understandably contrite and remorseful; and his effort toward making full restitution is commendable. The Referee concluded his report by stating: "All things taken together, the facts tended to show respondent to be a person worthy of some consideration notwithstanding his admitted petit larcenous conduct which took place over a period of six years." Considering all of the circumstances of this case, we have determined that respondent should be suspended from practice for a period of one year and until the further order of this court.

McGIVERN, P.J., NUNEZ, KUPFERMAN, MURPHY and TILZER, JJ., concur.

Respondent suspended as an attorney and counselor at law in the State of New York for a period of one year, effective November 18, 1974.