In the Matter of CHARLES SORKIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 19, 1981

### APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

*John G. Bonomi* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice on October 19, 1960, at a term of the Appellate Division, Second Department. He was convicted in the United States District Court for the Eastern District of New York of two counts of violating section 7206 of title 26 of the United States Code, in that he aided and assisted in the preparation of Federal income tax returns for a business which employed him, which contained substantially overstated deductions for the fiscal years ending April 30, 1973 and April 30, 1974. These crimes, while a Federal felony, are cognizable as misdemeanors under the laws of New York. Respondent's sen-

tence to, *inter alia*, a concurrent term of one year and one day, with incarceration of three months, was subsequently modified by the Federal court to two years' probation, a $10,000 fine, and prosecution costs.

We take cognizance of respondent's hitherto unblemished record and the character witnesses who testified at the disciplinary hearing or who wrote letters on his behalf. Respondent had been a CPA since 1948, and also an attorney since 1960. The improprieties herein occurred while he was employed in an accounting capacity by a business concern. He received no financial gain as a result and is now 62 years of age, in failing health. He served honorably in the Armed Forces during World War II and expresses repentence for his derelictions above referred to.

An attorney must adhere to the highest standards of conduct in his affairs, even when not engaged in the practice of law. The Referee recommends that respondent be suspended for a period of six months. We are in accord with that recommendation under the circumstances herein.

In determining the appropriate measure of discipline to be imposed, we have taken into consideration respondent's previous professional record. On October 2, 1980, respondent was automatically suspended from the practice of law by this court pursuant to section 90 (subd 4, par f) of the Judiciary Law.

Accordingly, the report of the Referee should be confirmed; respondent should be suspended for a period of six months, commencing on October 2, 1980, and until the further order of this court.

KUPFERMAN, J. P., SULLIVAN, ROSS, CARRO and LUPIANO, JJ., concur.

Respondent suspended for a period of six months effective October 2, 1980, as indicated in the order of this court.