156

In the Matter of WILLIAM T. MARTIN (Admitted as WILLIAM THEODORE MARTIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 23, 1992

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, William T. Martin, was admitted to practice as an attorney by the First Judicial Department on January 31, 1977. From July 1982 to December 1987, respondent maintained an office for the practice of law in the First Judicial Department and, in November 1987, he was elected to a 14-year term as a New York State Supreme Court Justice in Bronx County.

On or about September 29, 1989, respondent was convicted in the United States District Court for the Southern District of New York, pursuant to his plea of guilty, of conspiring to obstruct the collection of taxes, in violation of 18 USC § 371; income tax evasion, in violation of 26 USC § 7201; subscribing an illegal tax return, in violation of 26 USC § 7206 (1); and possession of a controlled substance, in violation of 21 USC § 844. On January 29, 1990, he was sentenced to nine months' incarceration, three years' probation, 200 hours of community service for each year of probation, and a fine of $175.

Petitioner Departmental Disciplinary Committee (DDC) subsequently moved for an order determining that the crimes for which respondent was convicted were serious crimes within the meaning of Judiciary Law § 90 (4) (d), suspending him from the practice of law pursuant to Judiciary Law § 90 (4) (f), and directing that he show cause why a final order of censure, suspension, or disbarment should not be made. By order entered August 30, 1990, this court temporarily suspended respondent from the practice of law, and referred the matter to the DDC to conduct a hearing and to recommend appropriate sanctions.

A hearing was held on February 1, 1990, at which respondent and three character witnesses on his behalf testified. On January 21, 1992, the Hearing Panel issued a report finding that respondent had been convicted and sentenced, upon his plea of guilty, of the aforenoted crimes; that his convictions arose out of the failure to report income from his law practice prior to his assuming the Bench; and that respondent had possessed a controlled substance, cocaine, which he occasionally used from 1982 to 1987. In addition, the Hearing Panel found that on May 9, 1986, respondent had been admonished by the DDC for undignified and discourteous remarks made as a defense counsel during a criminal trial.

The Hearing Panel's recommended sanction is that respon-

dent be suspended from the practice of law for two years or the length of his probation, whichever is longer, and that the term of suspension begin as of the date of his incarceration, November 20, 1990. By notice of motion dated February 25, 1992, the DDC seeks an order confirming the Hearing Panel's report and recommendation.

The sanctions generally imposed by this court for tax offenses similar to those for which respondent was convicted, range from a six-month suspension *(see, e.g., Matter of Richter,* 93 AD2d 505; *Matter of Sorkin,* 80 AD2d 31) to a one-year suspension *(see, e.g., Matter of Diamond,* 150 AD2d 115; *Matter of Wernick,* 128 AD2d 260; *Matter of Cowan,* 110 AD2d 53), depending upon the circumstances and mitigating factors. In some exceptional cases, this court has deemed the sanction of disbarment to be appropriate *(see, e.g., Matter of Chervin,* 181 AD2d 158). In the case before us, respondent has candidly admitted his guilt and expressed remorse. However, he was unable to offer an explanation for his misconduct, other than to state that the practice was in effect before he joined the firm, and his tax offenses were compounded by his conviction for possession of a controlled substance.

Accordingly, the court confirms the Hearing Panel's findings of fact and conclusions of law, and adopts its recommendation of sanction of suspension, commencing February 20, 1990. However, in view of respondent's sentence to a three-year period of probation, we suspend respondent for a period of three years, or until the expiration of his term of probation, whichever is longer and, further, until respondent satisfies any outstanding tax obligations, plus interest, and until further order of this court.

CARRO, J. P., ROSENBERGER, WALLACH, KASSAL and SMITH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of three years, effective as of February 20, 1990, or until the expiration of his term of probation, whichever is longer and, further, until respondent satisfies any outstanding tax obligations, plus interest, and until the further order of this court.