[611 NYS2d 6]

In the Matter of ARNOLD H. CHERNOFF, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 26, 1994

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Mitchell K. Friedman* of counsel *(Jerome Karp, P. C.,* attorney), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Arnold H. Chernoff was admitted to the practice of law in New York by the Second Judicial Department on

March 16, 1966. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

On or about January 14, 1992, respondent was served with a notice and statement of charges alleging violations of Code of Professional Responsibility DR 1-102 (A) (4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation) and (6) (engaging in conduct that adversely reflects on fitness to practice law) (before the 1990 amendments). On March 3, 1992, respondent served an answer denying all allegations.

On October 8, 1992, Committee staff and respondent's counsel executed a prehearing stipulation containing, *inter alia,* respondent's admission that he secretly billed and collected fees belonging to his law firm. This stipulation, together with an affidavit of confession of judgment and an agreement by respondent to repay the sum of $630,420 to his firm, were entered into evidence at a hearing held before a Hearing Panel on January 13, 1993.

Respondent was an equity partner in the law firm of Carb Luria Glassner Cook and Kufeld, a law partnership with a principal place of business in New York City. During the period of 1980 through 1990, respondent handled Carb Luria's tax certiorari and condemnation practice.

All matters at the law firm were assigned separate computer billing numbers and, once a judicial or administrative resolution was obtained, it was respondent's responsibility to bill the client for legal services under Carb Luria's letterhead, making reference to the assigned billing number. From 1983 through 1990, respondent, without the knowledge or consent of the firm, collected for himself an average of approximately $100,000 per year in billings belonging to Carb Luria. Respondent concealed the scheme from his partners by, among other things, billing some firm clients directly under his own letterhead and failing to account to the firm on those matters. The diverted fees, with a percentage factor plus interest, amounted to the sum of $713,000.

After being confronted by the firm's members regarding the misappropriated funds, respondent acknowledged two agreements, one dated July 20, 1990 and one dated July 26, 1990, stating that he was indebted to Carb Luria for the sum of $630,420, representing the total secretly collected with credit for respondent's prior capital contributions to the partnership.

Respondent testified at the hearing, explaining that his

actions were motivated by a belief that he was being substantially underpaid by Carb Luria.

On June 30, 1993, the Hearing Panel issued its written report, sustaining the charge that respondent violated DR 1-102 (A) (4) and recommending that respondent be disbarred. The charge relating to a violation of DR 1-102 (A) (6) was withdrawn. The Panel found that respondent's dishonest conduct, extending over a seven-year period, was without justification or legitimate excuse.

By petition dated September 14, 1993, the Departmental Disciplinary Committee seeks an order confirming the Hearing Panel's report and imposing the recommended sanction of disbarment.

In opposition to the Committee's application, respondent's counsel argues that a sanction of disbarment is excessive under the circumstances of this case. Counsel concedes that respondent is guilty of violating DR 1-102 (A) (4) in converting to his own use some $713,000 belonging to Carb Luria. However, counsel contends that psychological factors were at work in the respondent's actions.

The evidence presented at the hearing, including the pre-hearing stipulation in which the diversion of the firm's billings is admitted, amply supports the Hearing Panel's finding that respondent is guilty of violating DR 1-102 (A) (4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation). Absent extremely unusual mitigating circumstances, this Court has consistently viewed conversion of funds belonging to a client or third party as grave misconduct warranting the severe penalty of disbarment (*Matter of Schmidt*, 145 AD2d 103; *Matter of Malatesta*, 124 AD2d 62; *Matter of Walker*, 113 AD2d 254). An attorney who misappropriates funds is presumptively unfit to practice law (*Matter of Pressment*, 118 AD2d 270, 273, citing *Matter of Marks*, 72 AD2d 399, 401).

Over the course of seven years, respondent engaged in a scheme to misappropriate over $700,000 in fees belonging to Carb Luria. Respondent has failed to establish the existence of extremely unusual mitigating factors which would warrant the imposition of a sanction less severe than disbarment.

Accordingly, the Disciplinary Committee's petition should be confirmed, the recommended sanction of disbarment imposed and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York.

MURPHY, P. J., SULLIVAN, ROSENBERGER, ROSS and RUBIN, JJ., concur.

Application granted, and respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective May 26, 1994.