[621 NYS2d 308]

In the Matter of ARTHUR H. RUEGGER (Admitted as ARTHUR HERMAN RUEGGER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 10, 1995

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Eric A. Seiff* of counsel *(Scoppetta & Seiff),* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Arthur H. Ruegger was admitted to the practice

of law in New York by the First Judicial Department on March 13, 1978 under the name Arthur Herman Ruegger. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

Respondent was convicted of one count of defrauding the United States Department of Housing and Urban Development (HUD) by submitting a falsely inflated billing statement, in violation of 18 USC § 1012, a misdemeanor under the United States Code. On July 21, 1993 respondent was sentenced to a $5,000 fine and ordered to make restitution to both HUD and Shearson Lehman Hutton.

This Court previously granted the petition of the Departmental Disciplinary Committee, deeming the crime of which the respondent had been convicted a "serious crime" and referring the matter to the Committee for a hearing and recommendation regarding the appropriate sanction to be imposed (Matter of Ruegger, Sept. 23, 1992 [M-2890]).

The Departmental Disciplinary Committee now moves for an order confirming their report and imposing their recommended sanction of suspension from the practice of law for a period of two years. The respondent cross-moves for an order disaffirming the Hearing Panel's report in part and imposing the sanction of censure or suspension for substantially less than one year, with automatic reinstatement.

We deny, in part, and grant, in part, the Committee's motion to confirm the Hearing Panel's report, and grant the respondent's motion to the extent of directing that the respondent should be suspended from the practice of law for a period of one year. We find this sanction to be appropriate in light of the fact that the respondent did not initiate the overbilling, nor was he motivated by greed or personal financial gain (compare, Matter of Chernoff, 197 AD2d 110; see also, Matter of Gieger, 170 AD2d 134, lv denied 79 NY2d 755). In addition, substantial mitigating evidence was offered before the Hearing Panel, such as the respondent's unblemished record, his cooperation with the government in their prosecution of Harvey Myerson, his restitutional efforts, and his sincere expression of remorse.

A one-year suspension is also in accord with other First Department cases involving overbilling of clients (see, Matter of Stern, 90 AD2d 338 [six-month suspension]; see also, Matter of Denhoffer, 127 AD2d 230; Matter of Kalkin, 45 AD2d 494 [one-year suspensions]).

Accordingly, the Committee's motion to confirm the Hearing Panel's report and impose the recommended sanction of suspension from the practice of law for a period of two years is granted, in part, and denied, in part. The respondent's cross motion to disaffirm the Hearing Panel's report and impose a less severe sanction is granted to the extent of directing that the respondent be suspended from the practice of law for a period of one year.

SULLIVAN, J. P., ROSENBERGER, ELLERIN, ASCH and RUBIN, JJ., concur.

Application granted in part (the Hearing Panel's report is confirmed), and denied in part, and the respondent's cross motion is granted only to the extent of directing that respondent be suspended from practice as an attorney and counselor-at-law in the State of New York for a period of one year, effective February 10, 1995, and until the further order of this Court.