[656 NYS2d 250]

In the Matter of FREDERICK CHUNG, JR., an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 15, 1997

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Lawrence S. Goldman* of counsel *(Goldman & Hafetz,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Frederick Chung, Jr.,[1] was admitted to the practice of law in the State of New York by the Second Judicial Department on February 15, 1978. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

On or about July 5, 1995, respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of failing to file IRS form 8300 following his receipt of over $10,000 in cash from a client, in violation of 26 USC §§ 7203 and 6050I, the latter being a felony under the United States Code. Respondent was sentenced on or about December 21, 1995 to one year's probation with six months' home detention, a fine of $1,000 and a special assessment of $50.

On February 23, 1996, the Departmental Disciplinary Committee filed a "serious crime" petition against respondent pursuant to 22 NYCRR 603.12 (a) and Judiciary Law § 90 (4) (d). This Court granted the petition to the extent of referring the matter to a Hearing Panel to hold a hearing and issue a report and recommendation as to an appropriate sanction. We denied the Committee's request that respondent be suspended from the practice of law in the interim.

The Committee held the hearing on September 25, 1996. The Panel found that in 1991, respondent was retained to represent Mr. Ernest Lee in his acquisition of the assets of a restaurant business. In connection with that purchase, Mr. Lee gave respondent $115,000 in cash to hold in escrow pending the conclusion of the transaction. Rather than deposit the $115,000 at one time, respondent split the funds into 12 deposits of less than $10,000, which he then deposited into 5 different escrow accounts. By making deposits of less than $10,000, respondent avoided being compelled by the banks to comply with the IRS's reporting requirement. The Panel concluded that the escrow accounts had not been established for this purpose and was satisfied that respondent had not previously engaged in such conduct. Thereafter, the Panel issued its report, recommending that respondent be suspended for a period of six months and that, at the end of the period of suspension, he be reinstated automatically.[2]

---

1. Respondent is being represented by Lawrence S. Goldman and Gwen M. Schoenfeld of Goldman & Hafetz in this proceeding.

2. By letter dated January 23, 1997, respondent's counsel advises that, based on the same incident, respondent has recently been suspended from

The Committee now seeks an order confirming the Panel's findings of fact and conclusions of law, and imposing the recommended sanction. The Committee points out that the typical sanction for an attorney convicted in a felony tax case is a suspension ranging from six months to one year (*see, e.g., Matter of Martin*, 181 AD2d 156; *Matter of Biaggi*, 178 AD2d 74). The Committee additionally notes that the Panel concluded that respondent's misconduct constituted aberrational conduct by an individual with an otherwise exemplary career who did not act venally, was remorseful, and took full responsibility for his mistakes. Respondent's memorandum in support of the Committee's motion also seeks to confirm the Panel's report, additionally citing in support his dedication to providing legal services to Chinatown's poor.

Accordingly, the petition is granted to the extent that the Panel's findings of fact and conclusions of law are confirmed. However, it is our determination that respondent be suspended for a period of one year which, pursuant to Rules of the First Department (22 NYCRR) 603.14 (a), precludes automatic reinstatement.

SULLIVAN, J. P., MILONAS, ELLERIN, NARDELLI and WILLIAMS, JJ., concur.

Motion granted to the extent of confirming the Hearing Panel's report and disaffirmed as to the recommended sanction, and respondent is suspended for a period of one year, effective May 15, 1997, and until the further order of this Court.

---

the practice of law in New Jersey for 18 months, retroactive to September 14, 1995. Respondent's New Jersey suspension was completed on March 14, 1997.