[657 NYS2d 2]

In the Matter of PHILIP B. STONE (Admitted as PHILIP BARRY STONE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 6, 1997

### APPEARANCES OF COUNSEL

*Sarah Jo Hamilton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Sheryl E. Reich* of counsel *(Gerald B. Lefcourt, P. C.,* attorney), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Philip B. Stone was admitted to the practice of

law in New York by the First Judicial Department on March 14, 1977, as Philip Barry Stone. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

On or about January 24, 1996, respondent was served with a notice and statement of charges alleging that he had knowingly overbilled the Assigned Counsel Plan for 1993 in the amount of approximately $6,000, in connection with his representation of criminal defendants. In March 1996, respondent submitted an answer admitting the allegations, blaming the overbilling on poor recordkeeping, depression, and other personal problems. On or about July 16, 1996, respondent pleaded guilty to a single count of petit larceny (Penal Law § 155.25), an A misdemeanor, in Criminal Court in connection with the overbilling.

Charges One through Three accused respondent of conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3); the fourth charge accused respondent of engaging in conduct prejudicial to the administration of justice, in violation of DR 1-102 (A) (5); and the fifth charge accused respondent of engaging in conduct adversely reflecting on his fitness to practice law, in violation of DR 1-102 (A) (8), all charges arising from respondent's admitted false billing for 159 hours, his admitted false claim that he had worked in excess of 17 hours per diem on several occasions, and his false affirmation that his voucher claims were correct. The Hearing Panel sustained these charges on March 14, 1996, and issued a decision on September 20, 1996 recommending a one-year suspension. By petition dated November 25, 1996, the Departmental Disciplinary Committee seeks an order confirming the Hearing Panel's report and determining that the conviction constitutes a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), which respondent does not presently dispute.

Initially, as a crime involving theft, the conviction falls within the statutory and regulatory definition of "serious crime." Additionally, although not resulting in conviction, respondent's admitted false swearing, deceit and misrepresentation would constitute a serious crime.

Respondent does not dispute the factual portion of the petition, and stipulated to the number of hours overbilled, but he challenges the sanction as excessive. In mitigation, respondent

testified to his diagnosed depression arising in part from the fact of maintaining a solo practice, his utilization of therapy, and medical treatment, allegations which were supported by his psychologist's testimony. Respondent also submitted: the testimony of Judges attesting to his professional concern for clients; and documentation from an attorney with whom respondent has become affiliated who evinces an intention of mentoring respondent, providing a structured environment and helping respondent separate himself from the work environment which had contributed to his depression.

Given the absence of a viable monitoring scheme, probation, respondent's requested sanction, is not a feasible sanction, even were it an authorized one. A one-year suspension is consistent with sanctions imposed in connection with charges of overbilling (*Matter of Denhoffer*, 127 AD2d 230 [1st Dept 1987]).

Accordingly, the Committee's motion is granted and respondent is suspended from the practice of law for one year.

MURPHY, P. J., SULLIVAN, MILONAS, WALLACH and TOM, JJ., concur.

Application granted, the Hearing Panel's report confirmed, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York for a period of one year, effective June 6, 1997, and until the further order of this Court. [As amended by unpublished order entered Oct. 2, 1997.]