[696 NYS2d 144]

In the Matter of RICHARD A. REHBOCK (Admitted as RICHARD ALEXANDER REHBOCK), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 12, 1999

### APPEARANCES OF COUNSEL

*Stephen P. McGoldrick* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Richard A. Rehbock,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent, Richard A. Rehbock, was admitted to the practice of law in New York by the Second Judicial Department on March 6, 1974. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

On May 16, 1997, respondent pleaded guilty to an information filed in the United States District Court, Southern District of New York, which charged him with one count of income tax evasion (for the year 1992), in violation of Internal Revenue Code (26 USC) § 7201, a felony under the United States Code. On September 25, 1997, he was sentenced to two years probation, including six months of home confinement, 150 hours of community service, and a $3,000 fine.

The Departmental Disciplinary Committee (the Committee) sought an order determining that the crime for which respondent had been convicted is a serious crime as defined by Judiciary Law § 90 (4) (d); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent to show cause before the Committee which would thereupon hold a hearing and issue a report and recommendation to the Court, as to why a final order of censure, suspension or disbarment should not be made. Respondent opposed the petition only insofar as it sought his interim suspension.

By an order entered May 22, 1998, this Court granted the Committee's petition, except it denied the Committee's request to suspend respondent pursuant to Judiciary Law § 90 (4) (f).

A hearing was held before the Referee on August 19, 1998. The Referee recommended that respondent be suspended for six months, or the remainder of the term of his probation,* whichever is longer, and that he be automatically reinstated. A Hearing Panel, by a determination dated May 12, 1999, confirmed the Referee's report.

The typical sanction for an attorney convicted in a felony tax case is a suspension ranging from six months to one year (*see, e.g., Matter of Chung,* 230 AD2d 300; *Matter of Martin,* 181 AD2d 156). In recommending a six-month suspension, the Referee took into account that respondent's misconduct was not consistent with his history of exemplary personal and professional conduct. Respondent has no prior disciplinary history

---

* Respondent's probation is due to expire on September 24, 1999.

and witnesses testified regarding the high quality of his legal work, his extensive *pro bono* activities and his noteworthy record in the armed forces during the Vietnam War. Respondent took responsibility for his misconduct by cooperating with the IRS and making restitution. As the Referee noted, the sentencing court imposed the lowest possible sentence allowed under the guidelines and the plea agreement. It is also relevant that the misconduct occurred during an extremely acrimonious divorce proceeding, from 1992 through 1996, that caused him extreme emotional distress, distraction and financial pressures.

In cross-moving for an order imposing public censure, respondent has not cited a single case in which this Court has imposed a sanction less serious than suspension as final discipline for a felony tax conviction. Rather, respondent relies on cases, including his own, in which this Court has not imposed an interim suspension (*see,* Judiciary Law § 90 [4] [f]). However, this Court's decision not to impose an interim suspension, based merely upon respondent's opposition to the initiation of this "serious crime" proceeding, is not dispositive of the issue of the final sanction to be imposed.

The recommendation that respondent be suspended for six months, which permits automatic reinstatement, takes into account respondent's mitigating circumstances. It should be noted that even in cases involving misdemeanor tax convictions, this Court has observed that suspension is warranted unless there are "substantial mitigating circumstances" (*see, Matter of Minkel,* 221 AD2d 28). While respondent has presented compelling evidence in mitigation, even in cases where the mitigating evidence was comparable, this Court has imposed greater periods of suspension (*compare, Matter of Chung, supra,* at 302 ["respondent's misconduct constituted aberrational conduct by an individual with an otherwise exemplary career who did not act venally, was remorseful, and took full responsibility for his mistakes * * * (was dedicated) to providing legal services to Chinatown's poor"; suspended for a period of one year]).

Accordingly, the Committee's motion for an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) confirming the determination of the Hearing Panel, which confirmed the Referee's report and the recommendation that respondent be suspended for six months, or the length of his probation, whichever is longer, should be granted to the extent of confirming the report and suspending the respondent for six months, and respondent's cross motion, insofar as it seeks a lesser sanction, should be denied.

SULLIVAN, J. P., NARDELLI, WILLIAMS, ANDRIAS and BUCKLEY, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of six months, effective the date hereof and until the further order of this Court.