[701 NYS2d 355]

In the Matter of MICHAEL SANTANGELO (Admitted as MICHAEL LOUIS SANTANGELO), an Attorney, Respondent, and BERNARD B. COHEN (Admitted as BERNARD BARRIE COHEN), a Disbarred Attorney. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 6, 2000

**APPEARANCES OF COUNSEL**

*Sarah Jo Hamilton* and *Deborah A. Scalise* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Alan S. Futerfas* of counsel (*Edward S. Panzer,* attorney), for Michael Santangelo, respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Michael Santangelo was admitted to the practice of law in the State of New York by the First Judicial Department on June 23, 1959, as Michael Louis Santangelo. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

This proceeding was initiated on January 29, 1997, when petitioner Departmental Disciplinary Committee filed a notice and statement of charges alleging that respondent and his co-respondent, Bernard B. Cohen, violated Code of Professional Responsibility DR 1-102 (a) (4), (5) and (6) (now [7]); DR 2-106 (a); DR 6-101 (a) (1) and (3); DR 7-102 (a) (3), (5) and (7); DR 7-104 (a); DR 7-106 (a); DR 7-110 (b) and DR 9-102 (c) (3); (d) (22 NYCRR 1200.3, 1200.11, 1200.30, 1200.33, 1200.35, 1200.37, 1200.41, 1200.46). A Hearing Panel, after a lengthy hearing, sustained certain charges and dismissed certain charges. Petitioner now seeks an order pursuant to 22 NYCRR 603.4 (d) confirming its Hearing Panel's findings of fact and conclusions of law and imposing such discipline as the Court deems appropriate.

We note that, by order entered June 17, 1999 (258 AD2d 172), this Court granted a separate petition of the Departmental Disciplinary Committee seeking to strike respondent Cohen's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) upon the ground that he was automatically disbarred upon his conviction of a felony.

As to respondent, we find that the Hearing Panel properly found that petitioner proved, by a preponderance of the evidence, that he charged and collected cash payments as advance fees for work performed on an estate without informing the Surrogate of these payments as part of the fee application, thereby engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of DR 1-102 (a) (4), as set forth in Charge Six. Since the Surrogate approved a fee of $345,000 without knowledge of the fact that respondent had received cash payments of at least $8,500, respondent charged and collected an excessive fee, in violation of DR 2-106 (a). In addition, by submitting the fee petition without reference to the advance fees, respondent knowingly failed to disclose that which he was required to reveal and knowingly made a false statement, in violation of DR 7-102 (a) (3) and (5), as set forth in Charge Seven. Respondent further violated DR 1-102 (a) (4) and engaged in conduct prejudicial to the administration of

justice, in violation of DR 1-102 (a) (5) by stating to the Committee that he never received advance fees during the pendency of the litigation, as set forth in Charge Eight. He also failed to keep complete and accurate records of financial transactions in handling the estate, in violation of DR 9-102 (d), as set forth in Charge Nine. This misconduct reflects adversely on respondent's fitness to practice law, in violation of DR 1-102 (a) (7), as set forth in Charge Fourteen.

While the circumstances, that the charges all relate to a single matter and relate more to nondisclosure rather than to the making of affirmatively false or misleading statements, distinguish this matter from those in which we have imposed disbarment (*see, e.g., Matter of Kroll*, 212 AD2d 220, *appeal dismissed* 86 NY2d 855; *Matter of Friedman*, 196 AD2d 280, *appeal dismissed* 83 NY2d 888, *cert denied* 513 US 820), respondent nevertheless engaged in deceptive conduct regarding his collection of the fee and did not acknowledge to the Committee that he had received a cash fee. Moreover, while respondent has an otherwise clean disciplinary record, he has still expressed no acknowledgment or responsibility for his misconduct and portrays himself instead as a victim.

Taking all of these circumstances into account, we find that the appropriate sanction is a one-year suspension.

Accordingly, the petition should be granted, the Hearing Panel's findings of fact and conclusions law should be confirmed, and respondent should be suspended from the practice of law for a period of one year, effective 30 days from the date of this order, and until the further order of this Court.

SULLIVAN, J. P., ROSENBERGER, ELLERIN, WALLACH and LERNER, JJ., concur.

Petition granted, and respondent suspended from the practice of law in the State of New York for a period of one year, effective February 7, 2000, and until the further order of this Court, as indicated.