[768 NYS2d 207]

In the Matter of GERALD L. SOBOL (Admitted as GERALD LEON SOBOL), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 4, 2003

## APPEARANCES OF COUNSEL

*Thomas J. Cahill (Joseph J. Hester* of counsel), for petitioner.

*Benjamin Brotman & Maltz, LLP (Susan Brotman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Gerald L. Sobol was admitted to the practice of law in the State of New York by the First Judicial Department on March 25, 1963, as Gerald Leon Sobol. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On March 1, 2000, respondent pleaded guilty in United States District Court for the Southern District of New York to the misdemeanor of willfully delivering and disclosing a false and fraudulent document to the Internal Revenue Service, in violation of 26 USC § 7207. Respondent was sentenced to one year of probation (with four months thereof in home detention) and a fine of $10,000.

By order entered April 10, 2002, this Court granted the petition of the Departmental Disciplinary Committee (Committee) for an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d). The matter was referred to a Referee for a sanction hearing.

The operative facts, as stipulated to and testified to at that hearing, are as follows. Respondent's crime was based upon his participating in a tax shelter for the taxable years 1981 and 1982 for which he claimed tax deductions that were subsequently disallowed. Following an investigation by the Internal Revenue Service (IRS), respondent was eventually assessed a deficiency for the year 1982, which he paid in August 1990 with check number 146 in the amount of $32,106.51. In the memo portion of that check, he printed "1982."

Respondent exchanged subsequent correspondence with the IRS, and in 1994, respondent expressed his belief that his tax liability had been paid. As proof of this fact, he faxed a copy of canceled check number 146. The IRS contacted respondent again in 1996 and he was asked to submit documentation that

he had satisfied his tax liability for 1981. Respondent realized that he might owe additional taxes, which he attempted to avoid paying by altering the memo portion of the check he had already submitted to read "1981" instead of "1982."

After asking for a review of his taxes, respondent was confronted with the fact that he owed additional taxes for 1981, which he offered to pay. However, the IRS had begun investigating whether he altered the check he had submitted as proof of payment for 1981. Respondent eventually paid the taxes, penalties and interest that was owed and was later charged and pleaded guilty to willfully delivering and disclosing a false and fraudulent document to the IRS.

In aggravation of his misconduct, the Referee considered the facts that respondent was an experienced attorney, and that his conduct was calculated for personal gain to avoid payment of the applicable tax. In mitigation, the Referee considered the respondent's unblemished record, that he paid his debt to society, and that he cooperated fully with the disciplinary authorities and was remorseful and embarrassed by his behavior. The Referee also considered the respondent's good reputation in the profession and in the community.

The Referee compared the facts of this case to analogous precedent (see Matter of Kuba, 162 AD2d 30 [1990] [six month suspension for tax fraud]; Matter of Stern, 90 AD2d 338 [1982] [six month suspension for engaging in practice of multiple billing]; Matter of Stone, 230 AD2d 481 [1997] [one year suspension for engaging in overbilling]), and recommended that the respondent be suspended from the practice of law for six months with automatic reinstatement. The Hearing Panel recommended confirming the Referee's report and recommended sanction.

The Committee now moves for an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) confirming the findings of fact and conclusions of law set forth in the determination of the Hearing Panel, and imposing whatever sanction this Court deems just. Respondent cross-moves to confirm the Referee and the Hearing Panel's findings of fact and conclusions of law, but requests that we reevaluate their recommended sanction.

We agree with the Hearing Panel's findings of fact and conclusions of law, and find that a six-month suspension is an appropriate penalty (see Matter of Licata, 182 AD2d 154 [1992] [six month suspension for three misdemeanor convictions of filing false tax returns]). While respondent pleaded guilty to a single misdemeanor count of delivering a false document to the

IRS, his conduct was fraudulent and intentionally dishonest. Respondent offered commendable mitigation, but he is also an experienced attorney who failed to admit to his crime when initially confronted by the IRS. In addition, respondent's actions were not motivated by economic necessity, but were committed purely for personal gain to avoid paying the applicable tax.

Respondent's deliberate attempt to defraud the government by altering a check to evade paying taxes brings this case within the realm of false and fraudulent behavior for which suspensions are imposed (*see e.g. Matter of Rehbock*, 260 AD2d 58 [1999] [six month suspension for income tax evasion]; *Matter of Diamond*, 150 AD2d 115 [1989] [one year suspension for attorney convicted of two felony counts of filing false tax returns]; *Matter of Sorkin*, 80 AD2d 31 [six month suspension for aiding and assisting in the preparation of a business tax return which contained overstated deductions]).

Accordingly, the Committee's motion should be granted to the extent of confirming the findings of fact and the conclusions of law of the Referee and the Hearing Panel, and suspending respondent for a period of six months, and until further order of this Court. The cross motion, insofar as addressed to the sanction issue, should be denied.

MAZZARELLI, J.P., ANDRIAS, SAXE, ROSENBERGER and MARLOW, JJ., concur.

Respondent suspended from the practice of law for a period of six months, effective the date hereof and until further order of this Court.