[819 NYS2d 518]

In the Matter of PATRICK CARMODY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 27, 2006

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

*Deborah A. Scalise* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Patrick Carmody was admitted to the practice of law in the State of New York by the First Judicial Department on July 25, 1988. At all times relevant to this petition, respondent has maintained an office for the practice of law within the First Judicial Department.

Over the course of two years, respondent made personal telephone calls from his office at Wilkie, Farr & Gallagher, which he billed to various clients of the firm at a total of some $30,000. This practice was detected by a partner, resulting in respondent's resignation. Respondent informed the Departmental Disciplinary Committee of his misconduct, and he was formally charged with conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4), and conduct that adversely reflects on his fitness as a lawyer, in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3). Respondent conceded liability as to count 2 but denied any intention to deceive the firm or its clients. Respondent stipulated that he "made approximately 129 hours of personal long distance telephone calls to Ireland and the United Kingdom, and he attributed those telephone calls as pertaining to various Wilkie client matters." Respondent admitted that he misrepresented that the calls were related to work performed on behalf of clients, but he did not concede that his misconduct was deceitful.

At a hearing, respondent maintained that his conduct was the result of stress resulting from the breakup of his marriage and its impact on his children. However, the Referee found that respondent engaged in a pattern of misconduct that extended over two years and involved the attribution of the charges to a client by either entering an 11-digit client code at the time the call was made or indicating the client on the monthly billing sheets, and that the charges were deliberately spread among a number of clients to avoid detection. The misconduct only ceased when it was discovered by a partner. Finally, while acknowledging the turmoil that resulted from the break up of respondent's marriage, the psychological trauma experienced by his children and the need respondent felt to contact friends and family overseas, the Referee noted that respondent was never diagnosed with any psychiatric condition and credited the report of a forensic psychiatrist, submitted by the Committee, stating that the panic attacks respondent asserted to have been experiencing would

not have caused him to lose the ability to distinguish right and wrong. In mitigation, the Referee credited respondent's contention that he was not motivated by financial gain and accepted the Committee's theory that respondent's motivation was the desire to conceal how much time he was spending on personal matters as a result of his marital difficulties. The Referee recommended a six-month suspension consistent with this Court's decision in *Matter of Sobol* (2 AD3d 31 [2003]).

A Hearing Panel agreed with the Referee's findings and conclusions of law, but recommended a one-year suspension, as urged by the Committee.

The Committee now seeks an order confirming the Hearing Panel's determination and imposing a one-year suspension. The Committee argues that respondent's conduct is analogous to cases in which an attorney was suspended for overbilling, such as *Matter of Stone* (230 AD2d 481 [1997]). We agree.

In *Stone*, an attorney who was diagnosed with depression was suspended for one year for overbilling the Assigned Counsel Plan $6,000 based on false claims of hours worked, which he blamed on poor record keeping and his personal problems. Similarly, a one-year suspension was found to be appropriate in the case of an attorney who, though convicted of submitting a deliberately inflated bill, was not motivated by greed or personal gain (*Matter of Ruegger*, 207 AD2d 166 [1995]). *Sobol*, by contrast, involved altering a check to avoid paying taxes, which was found to be a single aberrational act in an otherwise unblemished career (2 AD3d at 33; *see also Matter of Stern*, 90 AD2d 338 [1982]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law in the State of New York for one year.

Tom, J.P., Friedman, Sullivan, Gonzalez and McGuire, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of one year, effective August 28, 2006, and until further order of this Court.