OPINION OF THE COURT
Per Curiam.
Respondent, Ralph E. Lerner, was admitted to the practice of law in the State of New York by the Second Judicial Department on March 15, 1968, under the name Ralph Ernest Lerner. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
In 1986, respondent joined a New York law firm as a partner. In or about January 2008, the law firm confronted respondent regarding car service rides taken by respondent and members of his immediate family which respondent improperly charged to firm clients. Respondent resigned from the firm and the cost of reimbursing the affected clients was charged to his capital account (approximately $50,000). The firm also informed respondent that it intended to report him to the Departmental Disciplinary Committee (Committee) unless he reported himself, which respondent did.
In April 2011, the Committee charged respondent with engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of DR 1-102 (a) (4) and conduct that adversely reflects on his fitness as a lawyer in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [4], [7]). The Committee alleged that over a 10-year period respondent improperly charged 448 car service rides to firm clients. In his answer, and by subsequent stipulation, respondent admitted to the material facts alleged but denied both charges. Later, in a post-hearing submission, respondent admitted that his conduct violated DR 1-102 (a) (7).
The Referee issued a report sustaining both charges, finding that respondent’s conduct violated DR 1-102 (a) (4) and (7). Fol *146 lowing a sanction hearing, at which the Committee sought a one-year suspension and respondent argued that a six-month suspension was appropriate, the Referee issued a report in which she recommended that respondent be suspended for nine months.
In its report, a Hearing Panel affirmed the Referee’s findings of fact and conclusions of law. However, relying on Matter of Stern (90 AD2d 338 [1st Dept 1982]) the Panel disaffirmed the recommended sanction of a nine-month suspension and recommended that respondent be suspended for six months. The Panel also stated that a suspension of more than six months would require a reinstatement proceeding which, as a practical matter, would at least double the length of the suspension, which, given respondent’s age (70), could well mean the end of his career.
The Committee now seeks an order confirming the Hearing Panel’s findings of fact and conclusions of law and imposing whatever sanction this Court deems appropriate under the circumstances. Since the Hearing Panel’s liability findings are not contested and are fully supported by the record, the only contested issue is the length of the suspension.
Balancing all mitigating and aggravating factors, respondent’s misconduct warrants a one-year suspension (see Matter of Carmody, 32 AD3d 173 [1st Dept 2006] [one-year suspension for billing 129 hours of personal telephone calls to firm clients over a two-year period for a total of $30,000]; Matter of Stone, 230 AD2d 481 [1st Dept 1997] [one-year suspension based on petit larceny conviction for over billing the Assigned Counsel Plan approximately $6,000]; Matter of Ruegger, 207 AD2d 166 [1st Dept 1995] [one-year suspension based on federal misdemeanor conviction for defrauding the U.S. Department of Housing and Urban Development by submitting falsely inflated billing statements]; Matter of Denhoffer, 127 AD2d 230 [1st Dept 1987] [attorney with unblemished record suspended for one year for, among other things, taking advantage of and over billing immigration clients]). While respondent has practiced law for 45 years without a prior disciplinary problem, as the Referee observed,
“[t]he reason a successful attorney resorted to such continual unethical conduct has not been really explained. Respondent’s testimony suggesting that it was carelessness explains neither why he first left the vouchers blank and, then, having to complete *147 the allocation forms, classified them as client charge rather than personal. The testimony offered by his therapist and capsulated in his letter report does not provide a cogent explanation for his patient’s admittedly dishonest actions.”
The Panel distinguished Matter of Carmody by noting, among other things, that the character evidence therein was not as impressive as the evidence introduced by respondent. However, respondent’s misconduct went on for much longer (10 years versus two years) and involved approximately $11,000 more in fraudulent charges. As in Carmody, respondent’s misconduct ceased only when it was discovered by his partners. The Panel’s reliance on Matter of Stern (90 AD2d 338 [1982]) in support of a six-month suspension is misplaced. Stern’s misconduct lasted only two years and involved charges of $3,721. Respondent’s conduct, continued for 10 years, and involved unauthorized charges of approximately $50,000. Simply put, in terms of mitigating the length of suspension, respondent’s professional accomplishments and character evidence are outweighed by the repeated and protracted nature of his misconduct.
Furthermore, the Panel is incorrect in its assertion that a suspension in excess of six months would effectively be “doubled” by this Court’s reinstatement procedures. While such a suspension would require respondent to seek reinstatement by filing a detailed petition in accordance with 22 NYCRR 603.14 (m), the petition would not necessarily be referred for a formal hearing, particularly if the Committee does not object to respondent’s immediate reinstatement.
Accordingly, the Committee’s motion should be granted, the Hearing Panel’s findings of fact and conclusions of law confirmed, and respondent suspended from the practice of law in the State of New York for a period of one year.
Tom, J.P, Andrias, Saxe, DeGrasse and Gische, JJ., concur.
Respondent suspended from the practice of law in the State of New York for a period of one year, effective 30 days from the date hereof and until further order of this Court.