Matter of Gillespie (2025 NY Slip Op 00789)

Matter of Gillespie

2025 NY Slip Op 00789

Decided on February 11, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 11, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels Justice Presiding
Anil C. Singh David Friedman Manuel Mendez John R. Higgitt

Motion No. 2024-04770 Case No. 2024-06022 

[*1]In the Matter of Tristan Wade Gillespie, an Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Tristan Wade Gillespie (OCA Atty Reg. 4443461), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Tristan Wade Gillespie, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on October 4, 2006.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Louis J. Bara, of counsel), for petitioner.
Kelly A. Guthy, Esq., for respondent.

Per Curiam. 

Respondent Tristan Wade Gillespie was admitted to the practice of law in the State of New York by the First Judicial Department. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
Respondent was counsel of record in approximately 600 "tester" cases brought under the Americans with Disabilities Act (ADA) against defendant hotels.[FN1] Many of these cases were settled upon the defendants' agreement to pay attorneys' fees and litigation costs. Judge Stephanie A. Gallagher of the United States District Court for the District of Maryland presided over several of respondent's cases and referred him for inquiry after becoming concerned with his candor to the court. An investigation was conducted and, thereafter, a formal disciplinary hearing was held by a three-judge panel, which found that respondent violated several provisions of the Maryland Rules of Professional Conduct (MD RPC).
Specifically, the panel found that respondent violated MD RPC 19-303.3 when, in his fee petitions, he misrepresented the time spent on each matter. Respondent also misrepresented his employment to justify the higher fees. He would state that ADA cases generate negative publicity, thereby hindering his ability to attract work. However, the truth was that respondent was employed as an Assistant District Attorney during that time.[FN2] Respondent also lacked candor with the court when he failed to correct a witness' testimony that respondent's paid investigator was a friend and travel companion. The panel also found that respondent's own lack of candor during the investigatory process constituted separate grounds for discipline under MD RPC 19-303.3. Respondent gave shifting explanations for his billing practices, made contradictory statements, denied any wrongdoing and admitted that he could not stand behind the hours submitted in support of his fee petition.
Finally, the panel found that respondent violated MD RPC 10-303.4 and 19-304.1 when he misled opposing counsel to believe that his clients incurred attorneys' fees and costs. The clients did not incur such fees and costs because respondent had a side agreement with the clients that such fees and costs would never be collected. Further, the attorneys'-fee demands bore no resemblance to time actually spent on the case and his timesheets were unreliable [*2]and inflated. Respondent also presented settlement options to opposing counsel that included "future work," which, respondent admitted, he never actually performed.
The panel ultimately recommended that respondent be suspended for a four-month period. By order dated August 7, 2024, the court adopted the panel's recommendation and suspended respondent for four months, effective nunc pro tunc to July 5, 2023, which suspension it "deemed as served."
The Attorney Grievance Committee (AGC) now seeks an order, pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13, and the doctrine of reciprocal discipline, suspending respondent for a period of one year, based upon similar discipline imposed upon him by the United States District Court for the District of Maryland.[FN3]
In a proceeding seeking reciprocal discipline under 22 NYCRR 1240.13, respondent may raise three defenses: (1) a lack of notice or an opportunity to be heard in the foreign jurisdiction; (2) an infirmity of the proof establishing the misconduct; or (3) the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]). None of the enumerated defenses could prevail here.[FN4]
The record indicates that respondent received notice of the allegations against him, was advised of his right to counsel and defended himself during the proceedings. The record also fully supports the misconduct findings made against him and his misconduct before the Maryland federal court would constitute misconduct in New York in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 3.3(a), 3.4, and 4.1.
With respect to the sanction, respondent asks that we impose only a four-month suspension, consistent with the sanction imposed by the Maryland federal court and the U.S. District Court for the Northern District of New York (NDNY). As a general rule, this Court will defer to the sanction imposed by the jurisdiction in which the charges were originally brought because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct (see Matter of Milara, 194 AD3d at 111; Matter of Tabacco, 171 AD3d 163 [1st Dept 2019]; Matter of Blumenthal, 165 AD3d 85 [1st Dept 2018]). Only rarely does this Court depart from the general rule (see Matter of Karambelas, 203 AD3d 75, 80-81 [1st Dept 2022]; Matter of McHallam, 160 AD3d 89 [1st Dept 2018]). This is one of those rare instances.
The severity of respondent's misconduct warrants a one-year suspension. Respondent handled hundreds of ADA tester cases in which he repeatedly submitted false fee applications to the Maryland and other federal courts in which he inflated the amount of work he had performed. In addition, respondent repeatedly made false statements in settlement negotiations with opposing counsel by representing that his clients were entitled to compensation via payments representing attorneys' fees for which they [*3]would otherwise be responsible when such was not the case. Also, as noted, respondent failed to correct materially inaccurate testimony given by his client to the court in one of the ADA cases.
Comparable misconduct has resulted in a one-year suspension (see e.g. Matter of Novins, 119 AD3d 37 [1st Dept 2014]; Matter of Lerner, 112 AD3d 144 [1st Dept 2013]; Matter of Pu, 37 AD3d 56 [1st Dept 2006], appeal dismissed and lv denied 8 NY3d 877 [2007]; Matter of Carmody, 32 AD3d 173 [1st Dept 2006]; Matter of Santangelo, 265 AD2d 69 [1st Dept 2000]).
Accordingly, the AGC's motion should be granted and respondent suspended from the practice of law in the State of New York for a period of one year, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for immediate suspension, pursuant to 22 NYCRR 1240.13 and Judiciary Law § 90(2), is granted, and respondent, Tristan Wade Gillespie, is suspended from the practice of law in the State of New York for a period of one year, effective 30 days from the date of this order, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of
suspension, respondent, Tristan Wade Gillespie, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Tristan Wade Gillespie, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Tristan Wade Gillespie, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: February 11, 2025

Footnotes

Footnote 1: Defendant selection followed a pattern. The online reservation information for small hotels throughout the country would be reviewed, and those which allegedly failed to include adequate descriptions of disability related accessibility features would be targeted for legal action under the ADA. While the plaintiffs cannot recover monetary damages under the ADA for inadequate accessibility descriptions, they can recover reasonable attorneys' fees and litigation costs.

Footnote 2: The District Attorney's office was aware of and approved his other employment.

Footnote 3: By counsel's November 21, 2024 affirmation, respondent advises that the NDNY issued an October 29, 2024 order suspending him from practice before the court for four months, effective nunc pro tunc from July 5, 2023, based on his discipline by the Maryland federal court. The NDNY's order provided for respondent's automatic reinstatement.

Footnote 4: Respondent's further appeal pending in the Fourth Circuit does not warrant delaying adjudication of this matter.