In the Matter of CHARLES KADISH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 4, 1988

### APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

*Charles Kadish,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Petitioner, the Departmental Disciplinary Committee for

the First Department, moves for an order determining that the crimes of which respondent Charles Kadish has been convicted are "serious crimes" within the meaning of Judiciary Law § 90 (4) (d) and directing that respondent be suspended forthwith from the practice of law pursuant to Judiciary Law § 90 (4) (f). Petitioner further requests that respondent be ordered to show cause why a final order of censure, suspension or removal from office should not be made.

Respondent was admitted to practice law in the First Department on October 10, 1972 under the name Charles Kadish. On July 31, 1987, in the United States District Court for the District of Maine, respondent was convicted, upon his plea of guilty, of two counts of willful failure to file Federal income tax returns for 1982 and 1984, in violation of 26 USC § 7203. The District Court suspended sentence, placed respondent on probation, imposed a $25 misdemeanor assessment and directed respondent to perform 1,500 hours of community service.

By notice of petition dated April 13, 1988, the Departmental Disciplinary Committee seeks an order (1) determining that the crime of which respondent has been convicted is a "serious crime" pursuant to Judiciary Law § 90 (4) (d); (2) suspending him from the practice of law in this State pursuant to Judiciary Law § 90 (4) (f); and (3) directing respondent to show cause within 30 days why a final order of censure, suspension or removal from office should not occur. The Disciplinary Committee determined that the offense of which respondent has been convicted, i.e., failure to file Federal tax returns is a "serious crime" as defined by Judiciary Law § 90 (4) and 22 NYCRR 603.12 (b). The Disciplinary Committee also asserts that respondent failed to file with this court or its Committee the record of his conviction, as required by Judiciary Law § 90 (4) (c) and 22 NYCRR 603.12 (f). The Disciplinary Committee states that it learned of the conviction, on December 28, 1987, after being notified by the Board of Overseers of the Bar for the State of Maine that respondent had been suspended from the practice of law for 90 days by the Maine Supreme Judicial Court in an order dated December 4, 1987.

Although served with a notice of this petition by regular mail on April 13, 1988, respondent failed to file a response by the return date of May 9, 1988. A response was received on June 8, 1988. No explanation is given for the late filing. In his papers, respondent asserts that (1) while acknowledging that the offense committed was a serious crime meriting discipli-

nary action, his failure to file resulted from personal and financial problems surrounding the breakup of his marriage; (2) his failure to give notice of his conviction resulted from unfamiliarity with the New York rules concerning notification; and (3) if sanctions are imposed, a suspension of no more than 90 days would allow him to continue to pull his life together. Annexed to his papers are copies of several letters submitted to the United States District Court in connection with his sentencing which attest to his character and cite his marriage and its dissolution as explanation for his misconduct.

The crime of which respondent has been convicted, two counts of willful failure to file Federal tax returns, are misdemeanors (26 USC § 7203). 22 NYCRR 603.12 (b) defines a "serious crime" in pertinent part as "any crime, other than a felony, a necessary element of which * * * involves * * * willful failure to file income tax returns" (see also, Judiciary Law § 90 [4] [d]). It is clear that the offenses committed by respondent meet the statutory definition of "serious crimes". The personal and financial problems offered by respondent as explanations for his failure to file the returns do not lessen the seriousness of the crimes and we do not think that he may, consistent with the integrity and honor of the profession, be excepted from the mandate of Judiciary Law § 90 (4) (f) requiring suspension, pending the issuance of a final order, of an attorney convicted of a serious crime.

Accordingly, petitioner's motion should be granted, and an order issued deeming the crimes of which respondent stands convicted "serious crimes" within the meaning of Judiciary Law § 90 (4) (d) and suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f). Respondent is directed to show cause within 30 days why a final order of censure, suspension or removal from office should not be made.

KUPFERMAN, J. P., SULLIVAN, MILONAS, ROSENBERGER and SMITH, JJ., concur.

Respondent is directed to show cause why a final order of suspension, censure or removal from office should not be made and, pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York effective immediately and until the further order of this court.