[637 NYS2d 60]

In the Matter of DANIEL F. COUGHLIN (Admitted as DANIEL F. COUGHLIN, JR.), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 23, 1996

**APPEARANCES OF COUNSEL**

*Elyse N. Post* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent Daniel F. Coughlin, Jr. was admitted to the practice of law in the State of New York by the First Judicial Department on June 23, 1958. He was also admitted to the practice of law in the State of Massachusetts, where he currently resides.

On September 22, 1993, the respondent pleaded guilty in the United States District Court for the District of Massachusetts to one count of education fraud, in violation of 20 USC § 1097 (a), a felony under the United States Code. His conviction stemmed from his submission of false financial information to Harvard University in order to obtain financial aid for his daughter. This wrongdoing was brought to the University's attention by the respondent's wife, during the process of their divorce. The respondent made immediate restitution of the $2,625 award as soon as Harvard contacted him, and he cooperated fully with the authorities in their investigation of the incident. As a result of his conviction, the respondent was sentenced to two years' probation, which will end November 30, 1995. He was also fined $10,000.

On June 16, 1994, the respondent was suspended from the practice of law in Massachusetts for a period of two years, retroactive to December 2, 1993. This suspension will end December 1, 1995.

By order entered September 27, 1994 (202 AD2d 112), this Court deemed the offense for which respondent was convicted a "serious crime", and suspended him from the practice of law in New York pursuant to Judiciary Law § 90 (4) (f), referring this matter to the Disciplinary Committee for a hearing on the issue of sanction.

In mitigation, the Hearing Panel considered that the respondent's wrongdoing was unrelated to his practice of law, that it occurred at a time when his marriage was crumbling, his health was deteriorating, and his professional future was dark.

At the close of the hearing, the Panel issued a report recommending that the respondent be suspended from the practice of law for a period of two years, retroactive to December 2, 1993, coterminous with the Massachusetts suspension, and that the respondent be reinstated in this State upon his filing an affidavit that he has been restored to good standing in Massachusetts.

Given the nature of the misconduct involved, which resulted in the respondent's conviction of a Federal felony for submitting fraudulent financial information in support of a financial aid application (*compare, Matter of Fornari*, 190 AD2d 379; *Matter of Nash*, 166 AD2d 84), a two-year suspension is warranted. In addition, a two-year suspension corresponds with the sanction imposed against the respondent in Massachusetts, the State where he is living, and had been practicing at the time of this incident.

Accordingly, the Disciplinary Committee's motion should be granted, the Hearing Panel's report should be confirmed, and the respondent should be suspended from the practice of law for a period of two years, retroactive to December 2, 1993, and until further order of this Court. The respondent should be automatically reinstated in New York upon submission of proof of his reinstatement in Massachusetts.

MURPHY, P. J., SULLIVAN, ROSENBERGER, ROSS and NARDELLI, JJ., concur.

The Departmental Disciplinary Committee's motion is granted, the Hearing Panel's report is confirmed, and the respondent is suspended from the practice of law for a period of two years, retroactive to December 2, 1993, and until the further order of this Court, with respondent to be automatically reinstated in New York upon submission of proof of his reinstatement in Massachusetts.