[652 NYS2d 263]

In the Matter of HENRY J. CLAY, JR. (Admitted as HENRY JONES CLAY, JR.), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 7, 1997

## APPEARANCES OF COUNSEL

*Richard Supple* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Susan Brotman* of counsel *(Clayman & Rosenberg,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Henry J. Clay, Jr., was admitted to the practice

of law in the State of New York by the First Judicial Department on June 19, 1978. At all times pertinent to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

In a one-count information filed in the United States District Court for the Southern District of New York, respondent was charged with "unlawfully, willfully and knowingly" failing to file his income tax returns for 1988, 1989 and 1991, a violation of 26 USC § 7203. Respondent pleaded guilty to the Federal information on August 18, 1994 and was sentenced on December 12, 1994 to 4 months' home detention, 3 years' probation, and 300 hours of community service. His probation expires in December 1997.

Respondent was also charged in the Criminal Court of the City of New York, County of New York, with failing to file his State income tax return for 1991, a violation of Tax Law § 1801 (a). That statute sets forth as an explicit element of the crime that the perpetrator must have acted with the "intent to evade" the tax in question (ibid.). On August 18, 1994, respondent pleaded guilty to this crime, a class A misdemeanor, and was sentenced to a one-year conditional discharge and a $10,000 fine.

On April 24, 1995, the Departmental Disciplinary Committee filed a "serious crime" petition against respondent pursuant to 22 NYCRR 603.12 (a) and Judiciary Law § 90 (4) (d). By order dated June 9, 1995, this Court granted the Committee's petition deeming the offense of which respondent had been convicted to be a serious crime and referred the matter to a Hearing Panel for a hearing and to recommend an appropriate sanction.

The Hearing Panel held hearings in this matter on October 3, 1995, March 5, 1996, and April 17, 1996. At the conclusion of these hearings, respondent requested that he receive only a private reprimand. Staff counsel for the Disciplinary Committee recommended that respondent be suspended for a period of time coinciding with his Federal probation.

After reviewing the evidence and making findings, the Hearing Panel issued a report dated August 14, 1996, in which it sustained the charges and recommended that respondent be publicly censured. The petitioner Departmental Disciplinary Committee moves for an order imposing such discipline as this Court deems "just and appropriate" pursuant to Judiciary Law § 90 (4). The respondent cross-moves for an order imposing a public censure, or in the alternative, a private reprimand.

At the hearing, respondent testified that during the years at issue, 1988, 1989 and 1991, he believed that his law firm had issued fraudulent partnership K-1's (a K-1 is the document which sets forth the income a partner receives from his or her partnership during a given tax year), and that if he filed tax returns based upon these inaccurate K-1's, he could be charged with participating in a conspiracy to defraud the IRS. Respondent also did not make any estimated tax payments in those years. He testified that he did not have the money to make the payments after his law firm stopped issuing the "extraordinary" draws it had customarily made to the firm's partners when the estimated tax payments became due at the end of each quarter.

While the Hearing Panel in its report recommended that respondent be publicly censured in light of "substantial mitigating evidence", we do not interpret the record before us as containing such "substantial" mitigating evidence that would warrant only a public censure. In fact, we note that it was respondent's burden to offer proof of substantial mitigating evidence, which he failed to meet.

Thus, in *Matter of Minkel* (221 AD2d 28), this Court recently set forth the standard in which cases involving failure to file tax returns should be judged. We found in *Minkel (supra,* at 30) that "respondent's failure to file income tax returns was due to his zealousness in working on matters for his clients and was directly and causally related to a psychiatric condition as to which he has been successfully treated". We went on to note that while it is generally the policy of this Court to suspend attorneys convicted of serious crimes for a period coextensive with the term of their criminal probation (*Matter of Coughlin,* 218 AD2d 194), we have declined to follow this policy where the serious crime is based upon the misdemeanor offense of failing to file tax returns and, where *substantial* evidence in mitigation exists (*supra,* at 30-31). In those cases, we have imposed instead a sanction of public censure. Unlike the respondent in *Minkel,* respondent herein was not suffering from a mental disorder that caused him to neglect his personal life because he was obsessed with his work. Respondent's psychiatrist testified that respondent was not suffering from a mental illness when he failed to file his tax returns. In addition, unlike *Minkel,* respondent did not pay any estimated taxes for the years in issue. In *Matter of Duthie* (189 AD2d 197, 198), the mitigating factors present included "sincere remorse" and "candid testimony".

In contrast, where less than substantial mitigating evidence has been presented, or aggravating evidence was established, attorneys have been suspended or even disbarred (*Matter of Chervin*, 181 AD2d 111; *Matter of Richter*, 93 AD2d 505). At the hearing, respondent also testified about his personal and family spending patterns during the years in which he did not meet his tax obligations. In addition to his ordinary household expenses, respondent paid for an expensive private school for his young son. Respondent also testified that he and his family went on ski vacations to Colorado and rented summer homes. Respondent also testified that in October 1992, *after* he failed to make tax payments for the three years in question, he moved his family out of the one-bedroom apartment he owned on the upper east side, sublet that apartment at a $20,000 per year loss, and moved into a two-bedroom rental apartment on Fifth Avenue across from Central Park for $3,350 per month. We conclude that these spending habits during a period when respondent failed to pay his taxes should be considered evidence in "aggravation" of his crimes.

Furthermore, respondent's testimony, when reviewed in toto, demonstrates that he was not truthful.

Moreover, the other evidence respondent relies upon in mitigation cannot fairly be credited as substantial "mitigation". Thus, although the public humiliation and newspaper accounts of respondent's convictions are certainly unfortunate, public humiliation as a result of criminal convictions and the question of whether a suspension would jeopardize an attorney's ability to pay criminal penalties are not "truly mitigating factors" since they result from the commission of the crimes themselves (*Matter of Chervin, supra*, at 116). The fact that respondent was divorced is also unfortunate, but has little or no bearing on the sanction that should be imposed herein.

Respondent never saw copies of the partnership tax returns that he believed to be fraudulent; the law firm's tax returns and the partners' K-1's were prepared by Deloitte and Touche and other accountants who were listed on the partnership return; respondent eventually filed his returns based upon the supposedly fraudulent K-1 numbers and the IRS, as noted, extensively audited these returns, but apparently never found anything irregular; the other firm partners filed their returns based on the K-1's without suffering adverse consequences; although respondent allegedly feared the partnership could face criminal prosecution as early as 1988, he did not raise his concerns with his father, an attorney and name partner of the

firm, until years after the fact; respondent was not responsible for preparing the law firm's tax returns, did not sign the returns and testified that none of the allegedly improper deductions concerned him personally; respondent was not and is not a tax expert, but never consulted counsel regarding his determination not to file, did not bother to research the issue himself, and did not even discuss his concerns with a tax accountant he retained during the events in question; respondent received regular notices of his tax delinquency from the Government but did not approach the IRS and explain the situation, even after leaving the law firm, until he was approached by IRS agents in May of 1993; a review of the record herein shows that none of respondent's character witnesses, including his closest personal friends, testified that respondent told them of the supposed fraud involving the K-1's before he was contacted by the IRS.

Accordingly, as a whole, the record does not demonstrate that any credible mitigation was introduced by the respondent at the hearing and respondent's failure genuinely to accept responsibility for his crimes militates against a finding that "substantial" mitigation exists.

Therefore, we conclude that rather than showing mitigating circumstances, respondent has "aggravated" the crimes he committed by his failure to show sincere remorse and accept responsibility for his actions and his obviously untruthful explanation as to how his tax defaults occurred. We, therefore, grant the Disciplinary Committee's petition by ordering that respondent should be suspended from the practice of law for a period of two years from the entry of the order herein, which suspension, we note, overlaps the three-year term of probation imposed in the Federal court, and until further order of this Court. Respondent's cross motion for an order confirming the Hearing Panel's report and determining that the appropriate sanction is public censure or a private reprimand is denied, as indicated.

SULLIVAN, J. P., NARDELLI, RUBIN, TOM and ANDRIAS, JJ., concur.

Application granted insofar as to confirm the Hearing Panel's report, and to immediately suspend respondent from practice as an attorney and counselor-at-law in the State of New York for a period of two years, and the cross motion seeking the imposition of a private reprimand or public censure is denied.