[748 NYS2d 747]

In the Matter of EDWARD S. COWEN (Admitted as EDWARD SAUL COWEN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 24, 2002

**APPEARANCES OF COUNSEL**

*Naomi F. Goldstein* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Elkan Abramowitz* of counsel (*Morvillo, Abramowitz, Grand, Iason & Silberberg, P.C.*), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Edward S. Cowen was admitted to the practice of law in the State of New York as Edward Saul Cowen by the

Second Judicial Department on June 20, 1962 and, at all relevant times, has practiced law within the First Judicial Department.

The Departmental Disciplinary Committee (the Committee) moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent's resignation and striking his name from the roll of attorneys effective immediately. Respondent cross-moves for an order permitting him to resign anonymously, and directing that all papers, records and documents concerning the Committee's inquiry be maintained under seal and deemed private and confidential.

Respondent, in his affidavit of resignation, admits that during the three-year period covering 1999 through 2001, he overcharged clients approximately $51,000 for air travel expenses. Respondent does not seek to excuse his conduct but avers that in 1988 he began to suffer back pain due to spinal disc degeneration, which was aggravated by increased, confined airplane travel. Respondent maintains that he paid for discounted coach tickets, sometimes utilizing a senior discount, and then upgraded to first class, which was more comfortable for him due to his back ailment. Respondent then submitted requests for, and received, reimbursements for full fare coach tickets, which exceeded the cost of the discount tickets with upgrade. After respondent's firm alerted respondent to the improper charges, he began reimbursing the firm and personally informed four of the five clients affected by his conduct.

We agree with the Committee that the affidavit submitted by respondent conforms to the requirements set forth in 22 NYCRR 603.11 insofar as respondent offers his resignation freely and voluntarily, without coercion or duress, that he is fully aware of the implications of submitting his resignation, that he is aware that there is a pending investigation against him based on allegations of professional misconduct, and that if formal disciplinary charges were filed against him based upon the misconduct he could not successfully defend himself. As a result, the Committee's motion is granted to the extent of accepting respondent's resignation and striking his name from the roll of attorneys.

Respondent's cross motion, however, is denied as respondent has failed to identify any compelling reason to permit him to resign anonymously, or to seal and keep confidential the file in this matter. Indeed, the ramifications of defendant's wrongdo-

ing do not qualify as mitigating factors but, rather, are the natural consequence of his misdeeds (*see*, *generally*, *Matter of Chervin*, 181 AD2d 111; *Matter of Clay*, 229 AD2d 50).

Accordingly, respondent's resignation should be accepted and his name stricken from the roll of attorneys. Respondent's cross motion for an order permitting him to resign anonymously should be denied.

NARDELLI, J.P., WALLACH, RUBIN, MARLOW and GONZALEZ, JJ., concur.

Petitioner's motion granted, respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately. Respondent's cross motion to, inter alia, resign anonymously denied.