[893 NYS2d 1]

In the Matter of JOHN J.P. HOWLEY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 17, 2009

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Schlam Stone & Dolan LLP* (*Ronald G. Russo* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent John J.P. Howley was admitted to the practice of law in the State of New York by the Second Judicial Department on January 17, 1990. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Department.

On February 4, 2008, respondent pleaded guilty in New York City Criminal Court, New York County to one count of failing to file a New York State tax return for the taxable year 2003 in violation of Tax Law § 1801 (a), a class A misdemeanor, and was sentenced to a conditional discharge and ordered to pay a $10,000 fine. Respondent's plea was entered pursuant to a plea agreement dated January 18, 2008 with the New York County District Attorney's Office, and in full satisfaction of an investigation into his failure to timely file New York nonresident personal income tax returns for the tax years 1994 through 2006, and for failure to pay all the taxes owed in the tax years 1997, 1998, 2001, 2002 and 2003.

By unpublished ordered entered January 28, 2009, we deemed the offense of which respondent was convicted to be a "serious crime" pursuant to Judiciary Law § 90 (4) (d) and directed a Hearing Panel to conduct a hearing and recommend an appropriate sanction.

The Hearing Panel conducted a hearing and respondent, represented by counsel, respondent's wife, and several character witnesses, including two of his former law partners testified on his behalf. Witnesses testified that respondent devoted thousands of hours to pro bono activities on behalf of his firm representing death row defendants and, as a trustee, gave a great deal of time to and made substantial financial contributions to Skidmore College, his alma mater. Respondent also submitted a letter from a psychiatrist stating that respondent suffered from "an Obsessive Compulsive Personality Disorder" that caused him to attend to his work compulsively, but caused him to be careless about various personal matters, including those relating to health and finances.

The Hearing Panel found that respondent failed to file tax returns or pay New York State nonresident taxes for a period of over 10 years and failed to file or pay federal taxes and New

Jersey resident taxes for at least nine years. From the time respondent became a partner at his former law firm and was no longer subject to tax withholding, he failed to make any quarterly estimated tax payments or file forms, despite his annual receipt of K-1 statements and written notice from the firm regarding his quarterly tax obligations, and despite having been provided with the information needed to make necessary calculations. Until he learned of the criminal investigation, he made no effort to file or pay income taxes. Moreover, in response to her question, he told his wife that he was taking care of their taxes.

Respondent has now filed all of his back tax returns, paid the $10,000 fine and paid all New York State taxes, interest, and penalties. Although he executed an agreement with the Internal Revenue Service, to whom he owed over $2.4 million, to make monthly payments, he was unable to make a timely million dollar payment because sale of his home was delayed as a result of market conditions.

The Hearing Panel recommended a suspension of six months, and the Departmental Disciplinary Committee seeks and order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) confirming the findings of fact and conclusions of law of the Hearing Panel and suspending respondent for a period of six months. Respondent cross-moves for imposition of a public censure or such lesser sanction as the Court deems appropriate.

Although this Court has imposed the penalty of a public censure on other attorneys convicted of a misdemeanor for failing to file and pay state taxes, there have been substantial mitigating factors in those cases (*see Matter of Eppner*, 62 AD3d 151 [2009] [significant unforeseen family expenses coupled with a significant drop in income and extensive service]; *Matter of Clark*, 60 AD3d 159 [2009] [dire financial situation incurred as a result of caring for parents for 20 years and compliance with a payment plan for federal tax arrearages]).

On the other hand, in *Matter of Chervin* (181 AD2d 111 [1992]), where this Court disbarred an attorney for nonfiling and nonpayment of taxes, the respondent offered no excuse for not paying federal or state taxes for over 20 years, he had been convicted of two misdemeanors and served a jail term, and had enjoyed a substantial income as a bankruptcy partner with several law firms. He also made no arrangements for paying arrearages. Similarly, in *Matter of Clay* (229 AD2d 50 [1997]), where we suspended respondent for two years, he gave a completely implausible reason for not filing returns or paying

taxes for at least three years, while enjoying a lavish life-style. In *Matter of Kadish* (139 AD2d 226 [1988]), an attorney who failed to file tax returns for two years because of personal and financial problems was suspended for seven months.

In the within matter, while there are some mitigating factors, we find aggravating factors vastly more compelling. Specifically, while at his law firm and receiving a substantial income, respondent purchased a five-bedroom house in New Jersey and a four-bedroom house in Florida. He also owned a Lincoln Town Car, a Nissan minivan, a BMW SUV, and paid for his children to attend private school. In addition, respondent lied to his wife by telling her that tax matters had been taken care of and did not notify his partners of the pending criminal investigation before resigning from the firm to take a position as president of two corporate entities engaged in energy operations in the Philippines. According to the Hearing Panel, his failure to inform his law partners was to insure collection of full compensation and early capital account distribution. We agree with the Hearing Panel's finding that the psychiatric claim is not credible.

While respondent's extensive pro bono work on behalf of defendants facing the death penalty and his dedication to his alma mater is commendable, it does not excuse his failure to file returns or pay taxes during this time. Although respondent has paid all the taxes owed to the State, and has worked out a plan with the Internal Revenue Service, the picture that emerges is that respondent, without any justification, and while enjoying a lavish life-style, disregarded his tax obligations. Having considered all of the factors set forth above, we find, as we have found in *Matter of Goldman* (71 AD3d 9 [2009] [decided herewith]), that failure to file tax returns and pay taxes for an extended period of time in these circumstances warrants suspension.

Accordingly, we grant the Committee's motion to the extent of confirming the Hearing Panel's findings of fact and conclusions of law, the cross motion is denied and respondent is suspended from the practice of law for a period of one year.

ANDRIAS, J.P., SWEENY, NARDELLI, DEGRASSE and FREEDMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of one year, effective January 19, 2010. Cross motion denied.