[892 NYS2d 324]

In the Matter of RONALD A. GOLDMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 17, 2009

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Jerome Karp* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Ronald A. Goldman was admitted to the practice of law in the State of New York by the Second Judicial Department on December 10, 1986. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Department.

On May 29, 2007, respondent pleaded guilty in Albany City Court to one count of failing to file a New York State tax return for the taxable year 2003 in violation of Tax Law § 1801 (a), a class A misdemeanor, in full satisfaction of a felony complaint. On August 14, 2007, he was sentenced to a conditional discharge, 40 hours of community service and ordered to pay a $10,000 fine. The court stated that as part of the conditional discharge, respondent was to enter into a payment plan with the state. On January 23, 2008, respondent suffered a brain aneurysm for which he is still being treated.

By unpublished order entered January 23, 2009, we deemed the offense of which respondent was convicted to be a "serious crime" pursuant to Judiciary Law § 90 (4) (d) and directed a Hearing Panel to conduct a hearing as to the appropriate sanction.

The Hearing Panel held a hearing and respondent, represented by counsel, and two character witnesses testified. The Hearing Panel received into evidence a letter from respondent's treating physician that indicated that his physical impediments "have not impacted on his professional abilities." Neuropsychological evaluations from September and December 2008 noted impairment of memory and processing speed. Respondent did not dispute that he failed to file both federal and state tax returns from 2000, when he became a partner in his law firm, until 2007.

Respondent has now filed all of his back tax returns, paid the $10,000 fine and is current on payment of his 2009 taxes, but had not, as of the time of the hearing, entered into plans for payment of his back taxes. He did not retain counsel until August 2008 to represent him before the IRS and New York State Tax Department in connection with his tax matters. Respondent adduced as reasons for his tax delinquency his gambling habit and his significant investments in a failed restaurant business. Respondent invoked his memory problem

as the reason he could not explain why it was not until August of 2008 that he had entered into a payment plan as had been mandated to do by the sentencing court in August 2007.

The Hearing Panel recommended a suspension of seven months, and the Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) confirming the findings of fact and conclusions of law of the Hearing Panel, and imposing a seven-month suspension. Respondent seeks imposition of a public censure.

Although this Court has imposed the penalty of a public censure on other attorneys convicted of a misdemeanor for failing to file and pay state taxes, there have been substantial mitigating factors in those cases (see *Matter of Eppner*, 62 AD3d 151 [2009] [significant unforeseen family expenses coupled with a significant drop in income and extensive service]; *Matter of Clark*, 60 AD3d 159 [2009] [dire financial situation incurred as a result of caring for parents for 20 years and compliance with a payment plan for federal tax arrearages]).

On the other hand, in *Matter of Chervin* (181 AD2d 111 [1992]), where this Court disbarred an attorney for nonfiling and nonpayment of taxes, the respondent offered no excuse for not paying federal or state taxes for over 20 years, he had been convicted of two misdemeanors and served a jail term, and had enjoyed a substantial income as a bankruptcy partner with several law firms. He also made no arrangements for paying arrearages. Similarly, in *Matter of Clay* (229 AD2d 50 [1997]), where we suspended the respondent for two years, he gave a completely implausible reason for not filing returns or paying taxes for at least three years, while enjoying a lavish life style. In *Matter of Kadish* (158 AD2d 370 [1990]), an attorney who failed to file tax returns for two years because of personal and financial problems was suspended for seven months.

In the within matter, while there are some mitigating factors, we find aggravating factors vastly more compelling. Specifically, respondent, while receiving annual compensation in excess of $300,000 a year, spent substantial sums on his restaurant investment and engaged in a pattern of gambling on horses for over 10 years. Particularly disturbing is respondent's failure to comply with the order of the sentencing court to establish a payment plan for about a year. He was unable to explain his noncompliance, attributing it to his memory failure due to his aneurysm. In any event, the picture that emerges is that respondent, without any justification, disregarded his obligation to pay taxes.

The mitigating factors are that there has been no suggestion that these actions in any way affected his law practice, that the brain aneurysm may have affected his ability to explain his actions, and that respondent has not enjoyed a lavish life style, as was the case in *Matter of Clay* (*supra*) or *Matter of Chervin* (*supra*). He has also filed all delinquent returns, and is now allegedly finally working out payment plans. Having considered all of those factors, we find, as we have found in *Matter of Howley* (70 AD3d 218 [2009] [decided herewith]), that failure to file tax returns and pay taxes for an extended period of time in these circumstances warrants suspension.

Accordingly, we grant the Committee's motion to the extent of confirming the Hearing Panel's findings of fact and conclusions of law, and respondent is suspended from the practice of law for a period of one year.

MAZZARELLI, J.P., FRIEDMAN, BUCKLEY, ACOSTA and FREEDMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of one year, effective January 19, 2010.