[918 NYS2d 20]

In the Matter of Alexander P. Rosenberg (Admitted as Alexander Peter Rosenberg), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, February 10, 2011

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Hinshaw & Culbertson LLP* (*Hal R. Lieberman*), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Alexander Peter Rosenberg was admitted to the practice of law in the State of New York by the First Judicial Department on February 25, 1974. At all times relevant herein, respondent has maintained an office for the practice of law within the First Department.

By order entered December 16, 2009, this Court deemed the offense of which respondent had been convicted to be a serious crime and referred the matter to a Hearing Panel for a sanctions hearing. The Departmental Disciplinary Committee (Committee) seeks an order, pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2), confirming the recommendation of the Hearing Panel and suspending respondent from the practice of law for 18 months, on the ground that respondent failed to file New York State personal income tax returns for taxable years 2002 through 2006, in violation of section 1801 (a) of the Tax Law, a class A misdemeanor, an offense to which respondent has pleaded guilty. Respondent asks for a public censure, or, at most, a suspension of no more than three months.

In March 2008, respondent was contacted by the Nassau County District Attorney's Office about his failure to file state tax returns for the period 2002 through 2006. He did not make any estimated state tax payments during those years, nor did he pay his federal taxes. Respondent retained counsel and within approximately two weeks, prior to his arraignment, he filed his New York State tax returns for 2002 through 2006 and paid $97,511 in outstanding taxes; on December 22, 2008, he paid New York penalties and interest of $55,574. In July 2008, respondent paid the federal government approximately $1.2 million in taxes, penalties and interest covering the same time period. Respondent testified, "[t]he state taxes I had the money, it was available in the bank, and the federal taxes, which were considerably larger . . . came from two sources—one from a refinancing of our home . . . [and the other] was covered by withdrawing money from the pension plan." Respondent has filed all subsequent tax returns on time.

The Panel noted, however, that "[r]espondent did nothing to rectify his tax situation until he was caught red-handed and without a glimmer of a defense to felony charges." In aggravation, the Panel commented on respondent's intent:

"Respondent's failure to pay taxes was no accident. Nor was it the result of economic distress. Respondent's annual income during the years when he chose not to pay taxes ranged from $363,992 to $597,989. Respondent acknowledged that this failure to file his tax returns and pay his taxes was not the result of an inability to pay.

"Respondent knowingly and intentionally did not file returns and pay taxes. He received notices from the IRS, he read them, but he 'just didn't do anything further with them.' The decade-long pattern of filing for extensions with which he did not . . . comply, the calculated nature of respondent's actions, and the fact that, when he was caught, he was able to come up with the money in very short order—because it was tucked away in the bank, in the equity in his home and in his pension account— speak to a greater culpability here than in other failure-to-pay cases."

The Panel concluded that the evidence of mitigation in this case was not substantial while the evidence of aggravation was substantial, and recommended an 18-month suspension as appropriate for respondent's "willful and unexcused failure" to file five years' worth of returns.

The Hearing Panel's recommendation that respondent be suspended for 18 months is disaffirmed. While the Panel seemed to criticize him for promptly paying the money he owed and treating his charitable contributions of $160,000 as aggravation, both of those circumstances could also be seen as mitigation, at least in part. Moreover, respondent has practiced law for 36 years without blemish, he fully cooperated with all investigating authorities, he accepted responsibility for his actions and expressed remorse, he took corrective actions to ensure his nonpayment never happens again, and he has continued with counseling. A suspension from the practice of law for one year is appropriate under the circumstances (*see Matter of Howley*, 70 AD3d 218 [1st Dept 2009]; *Matter of Goldman*, 71 AD3d 9 [1st Dept 2009]).

Accordingly, the Committee's petition to confirm the recommendation of the Hearing Panel should be denied, and respon-

dent is suspended from the practice of law for one year and until further order of this Court.

TOM, J.P., ANDRIAS, SAXE, McGUIRE and MANZANET-DANIELS, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of one year, effective March 11, 2011.