[987 NYS2d 392]

In the Matter of THERESA RACHT, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JU-
DICIAL DEPARTMENT, Petitioner.

First Department, June 19, 2014

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Michael S. Ross,* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Theresa Racht was admitted to the practice of law in the State of New York by the Second Judicial Department on February 26, 1986. At all times relevant herein, she has maintained an office for the practice of law within the First Judicial Department.

On April 3, 2013, respondent pleaded guilty in Criminal Court of the City of New York, New York County, to two counts of criminal tax fraud in the fifth degree, in violation of Tax Law § 1802, a class A misdemeanor, for failure to file tax returns and pay New York State and New York City personal income taxes for the tax years 2009 and 2010. Respondent was sentenced to a one-year conditional discharge, a fine of $20,000 and a mandatory $250 surcharge. Respondent was also ordered to pay $105,833 for outstanding 2004 through 2011 New York State and New York City personal income taxes.

By unpublished order entered August 8, 2013, this Court, upon the petition of the Departmental Disciplinary Committee (the Committee), deemed the offense to which respondent pleaded guilty a "serious crime" pursuant to Judiciary Law § 90 (4) (d) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.12 (a), and referred the matter to a Hearing Panel (the Panel) for a sanctions hearing. On October 3, 2013, the Panel conducted a hearing and the Committee introduced documentary evidence but did not call any witnesses. Respondent testified on her own behalf, called one character witness, and submitted a character letter. Following the hearing, both parties submitted memoranda in which the Committee argued for a one-year suspension and respondent urged a sanction no greater than a six-month suspension.

By a report dated February 10, 2014, the Panel recommended a six-month suspension as the appropriate sanction in light of certain mitigating factors. In particular, the Panel noted that (1) respondent acknowledged her wrongdoing; (2) she took "prompt corrective action to make necessary filings in dealing

with taxing and criminal authorities, including retaining at-torneys and accountants to organize and manage the process, and [put] in place safeguards to ensure ongoing compliance"; and (3) she has no prior disciplinary history in over 25 years of practice.

The Panel found only one aggravating factor, namely that during the period at issue, respondent annually earned between $101,380 and $187,212, and rather than pay her taxes, had traveled within the United States and abroad. Nevertheless, the Panel noted that respondent had not lived an unduly extrava-gant lifestyle, as evidenced by the fact that she did not own her own home or a car and still had $18,000 in law school debt more than 25 years after her graduation. The Panel concluded that while respondent's "lack of substantial outside expenses should have made payment of her taxes less onerous, . . . it does not appear to be the case that [r]espondent failed to pay her taxes because of a profligate lifestyle. Rather, it appears that her lifestyle was moderate, her failure to pay was not venal and was instead due to a mental block with the task before her."

The Panel further noted that although the Committee sought a one-year suspension "based on [r]espondent's persistent viola-tions of the tax law over the course of nearly a decade," the Committee conceded that: (1) respondent's misconduct was not venal, although it was protracted; and (2) no client was harmed by respondent's misconduct. In the Panel's view, the mitigation presented by respondent was more substantial than that in recent cases involving similar tax-related misconduct in which this Court imposed one-year suspensions (see Matter of Rois-man, 89 AD3d 164 [1st Dept 2011] [one-year suspension for tax attorney's failure to file tax returns and pay state and federal taxes for seven years despite financial ability to do so, and where his excuse for such failure was completely unsupported and belied by the evidence at the sanction hearing]; Matter of Rosen-berg, 82 AD3d 85 [1st Dept 2011] [one-year suspension for fail-ure to file tax returns and pay taxes for five years, where at-torney's annual income was between $360,000 and $600,000, and the attorney regularly filed for extensions, which he then ignored]; Matter of Goldman, 71 AD3d 9 [1st Dept 2009] [one-year suspension for attorney's failure to file both state and federal tax returns for seven years, even after he was ordered to pay, and where he received annual compensation in excess of $300,000, and his tax delinquency was due to his gambling habit

and his significant investments in a failing restaurant business]; *Matter of Howley*, 70 AD3d 218 [1st Dept 2009] [one-year suspension for attorney who failed to file tax returns or pay New York State nonresident taxes for over 10 years, and failed to file and pay federal and New Jersey resident taxes for at least nine years, and lived an extremely lavish lifestyle]).

The Committee now moves for an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) confirming the findings of fact and conclusions of law and imposing whatever sanction this Court deems appropriate under the circumstances. Respondent, through counsel, has submitted a response in which she supports the Panel's recommendation for a six-month suspension.

Under all the circumstances presented, the deterrent effect of a six-month suspension, recommended by the Panel, is an appropriate penalty (*see Matter of Rehbock*, 260 AD2d 58 [1st Dept 1999] [six-month suspension for federal felony conviction of income tax evasion where attorney had no prior disciplinary history and took responsibility for his misconduct by cooperating with the IRS and making restitution]; *Matter of Burns*, 242 AD2d 49 [1st Dept 1998] [six-month suspension where attorney failed to file state or federal income tax returns, or pay taxes for 12 years because he did not have the money, and where he had a previously unblemished record and impressive character witnesses]; *Matter of Sorkin*, 80 AD2d 31 [1st Dept 1981] [six-month suspension for attorney who aided and assisted in the preparation of federal income tax returns which contained substantially overstated deductions for a business which employed him]).

Accordingly, the Committee's petition is granted to the extent of confirming the Panel's report and recommendation in its entirety, and respondent is suspended from the practice of law for a period of six months and until further order of this Court.

RENWICK, J.P., DEGRASSE, FREEDMAN, RICHTER and MANZANET-DANIELS, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of six months, effective 30 days after the date hereof and until further order of this Court.