Matter of Rich (2017 NY Slip Op 08902)





Matter of Rich


2017 NY Slip Op 08902


Decided on December 21, 2017


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2017
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Angela M. Mazzarelli, Justice Presiding,
Richard T. Andrias
Judith J. Gische
Troy K. Webber
Ellen Gesmer, Justices.


&em;

[*1]In the Matter of Stuart I. Rich, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Stuart I. Rich, (OCA Atty. Reg. No. 2446375), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Stuart I. Rich , was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 4, 1992.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Michael S. Ross, Esq. for respondent.



PER CURIAM


Respondent Stuart I. Rich was admitted to the practice of law in the State of New York by the Second Judicial Department on March 4, 1992. At all times relevant to this proceeding, he has maintained a law practice within the First Judicial Department.
By joint motion for discipline by consent, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR)§ 1240.8(a)(5), the Attorney Grievance Committee and respondent request that this Court impose discipline based upon the stipulated facts and consent of the parties and that respondent be suspended from the practice of law, in the State of New York, for a period of one year and until further order of this Court.
The joint affirmation and stipulation of facts filed by counsel for respondent and the Committee recount the basis for this proceeding, which involves respondent's failure to pay taxes on income he received during his tenure as an equity partner at a law firm, from which he resigned on April 17, 2016. During that tenure, respondent received income and Schedule K-1 tax forms from the firm. Respondent was aware that, because his income was not subject to withholding of taxes, he was required to make quarterly estimated tax payments, and that he was obligated to file personal income tax returns and pay taxes to the New York State Department of Taxation and Finance (Tax Department) and the Internal Revenue Service (IRS). During the taxable periods of January 2008 through December 2014, respondent made only partial estimated tax payments to the Tax Department and the IRS. In addition, he failed to file both state and federal personal income tax returns for seven years, namely tax years 2008 through 2014.
Sometime in 2015, respondent received a letter from the Tax Department notifying him that its records reflected that he had not filed his State personal income tax returns and requesting a meeting. In May 2015, following the meeting, respondent filed his New York State tax returns for tax years 2008 through 2012 and, in June 2015, he filed his returns for tax years 2013 and 2014, but he did not pay his tax liability. In March 2016, the New York County District Attorney's Office questioned respondent regarding his New York State tax filings and outstanding liability. Immediately thereafter, he retained counsel who entered into negotiations in connection with the criminal investigation. On May 24, 2016, respondent executed a closing agreement with the Commissioner of the Tax Department pursuant to which he agreed to remit $1,194,706.49 on or before June 2, 2016 in full payment and satisfaction of his New York State tax liability, plus penalties and interest, calculated through May 31, 2106. The next day, respondent voluntarily surrendered and was charged in a Superior Court information with criminal tax fraud in the second degree (four counts), criminal tax fraud in the fifth degree (one count), and repeated failure to file personal income and earning taxes (four counts) in violation of the New York State Tax Law.
On June 2, 2016, respondent pleaded guilty in Supreme Court, New York County, to criminal tax fraud in the fifth degree in violation of New York State Tax Law § 1802, a class A misdemeanor, for his willful failure to timely file his personal income tax returns for New York State for the years 2008 through 2014. Respondent admitted that as a result of his failure to file his taxes, he intentionally evaded paying his tax liability to the New York State government. Also on June 2, 2016, respondent was sentenced to a one-year conditional discharge, without supervision, and was ordered to pay $1,194,706.49, pursuant to the closing agreement he had entered into with the Tax Department. At sentencing, respondent made this payment to the Tax Department. Respondent did not have sufficient personal funds to make the payment so he borrowed the funds from a close friend, pursuant to a written personal loan agreement.
On June 29, 2016, pursuant to Judiciary Law § 90(4), respondent notified this Court and the Committee of his conviction and on September 21, 2016, he was served with a "serious crime" petition. By order dated November 16, 2016, this Court deemed his conviction a "serious crime" and appointed a referee to hear and report on the appropriate sanction.
As noted above, respondent failed to file his federal personal income tax returns for tax years 2008 through 2014, and made only partial estimated tax payments for those years. Also, although he filed his federal returns for 2006 and 2007, he did not fully pay the federal government for his tax liabilities for those years. In May and June 2015, respondent filed his federal personal income tax returns for tax years 2008 through 2014 (this is the same time period as when he filed his New York State returns). The federal government has not taken any criminal action against respondent and he is currently working with the assistance of an accounting firm to reach an offer in compromise with the IRS to settle his tax liabilities and related interest and penalties for tax years 2006 through 2014, which he estimates will total approximately $1.2 million. In July 2016, a month after his State conviction, respondent paid $240,000 to the U.S. Treasury as an initial payment on the offer of compromise. Although respondent does not have sufficient personal funds to pay his federal tax debt, the same friend [*2]who loaned him money to satisfy the state liability has agreed to loan him the funds to make payment on the offer in compromise.
On April 18, 2016, prior to his voluntary surrender, respondent resigned from his law firm and he has not practiced law since. In May 2016, respondent formed a business consulting business that services individuals and entities involved in the hospitality and entertainment industries, which he operates out of his apartment. To date he has earned approximately $5,000 in consulting fees.
As required, respondent has submitted an affidavit in which he conditionally admits the foregoing facts, and that those facts establish that he has violated the New York Rules of Professional Conduct (22 NYCRR 1200.0) by committing a "serious crime" within the meaning of Judiciary Law § 90(4).
The parties stipulate to the following mitigation: no complaints have been made against respondent since these incidents occurred; respondent's misconduct did not involve the misuse of client funds or otherwise cause harm to clients, and there has never been any claim that his tax failures jeopardized or impacted client interests; respondent has fully cooperated with the tax authorities and the criminal justice system in the course of the investigation and proceedings; respondent has made timely restitution of his outstanding New York State and New York City taxes, plus penalties and interest and, with the assistance of accountants, has already taken steps toward working out a payment plan to make restitution of his outstanding federal tax liabilities; respondent promptly notified this Court and the Attorney Grievance Committee of his conviction and fully cooperated with the Committee, including testifying candidly at a deposition before the Committee; respondent accepted full responsibility and has sincerely expressed his remorse and contrition for his misconduct; he has fully recognized the severity of his misconduct and has retained attorneys and accountants and is fully committed to meeting all of his future state and federal tax obligations; given the foregoing, there is little likelihood his misconduct will reoccur; prior to his voluntary surrender in May 2016, he voluntarily ceased practicing law in April 2016; and he is well-regarded in the legal community, with an excellent reputation for honesty and integrity.
The stipulated aggravating factors are: although respondent pleaded guilty to one count of failure to file his tax return for the tax year 2013, he failed to timely file tax returns for seven years, i.e. tax years 2008 through 2014; respondent did not take any steps to file his tax returns until he was contacted by and met with the Tax Department; he did not take any steps to pay his New York State tax liabilities until he was advised by the New York County District Attorney's Office that he was under investigation; and respondent had substantial gross income during the years he failed to file.
Since liability has been established via respondent's conditional admissions, the only issue before this Court is the sanction to be imposed. The parties contend that a one-year suspension should be imposed for the subject violations and that such a sanction is supported by relevant case law. Indeed, sanctions for misdemeanor tax offenses have varied from censure to suspensions of varying lengths, depending upon the aggravation and mitigation (see e.g. Matter of Schnall, 146 AD3d 81 [1st Dept 2016]; Matter of O'Brien, 136 AD3d 95 [1st Dept 2015]; Matter of Racht, 120 AD3d 156 [1st Dept 2014]; Matter of Roisman, 89 AD3d 164 [1st Dept 2011]; Matter of Rosenberg, 82 AD3d 85 [1st Dept 2011]; Matter of Eppner, 62 AD3d 151 [1st Dept 2009]. In light of this precedent, we see no reason to disturb the one-year suspension to which sanction respondent, who is represented by competent counsel, has consented.
Accordingly, the parties' joint motion for discipline by consent should be granted, and respondent suspended from the practice of law in the State of New York for a period of one year and until further order of this Court.
All concur.
Order filed [December 21, 2017].
Mazzarelli, J.P., Andrias, Gische, Webber, Gesmer, JJ.
Joint motion for discipline by consent is granted, and respondent suspended from the practice of law in the State of New York for a period of one year, effective immediately, and until further order of this Court. Opinion Per Curiam. All concur.