Matter of Miller (2024 NY Slip Op 06159)

Matter of Miller

2024 NY Slip Op 06159

Decided on December 10, 2024

Appellate Division, First Department

 PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. David Friedman
Justice Presiding
Barbara R. Kapnick Lizbeth González Tanya R. Kennedy John R. Higgitt
Justices.

Motion No. 2024-04224 Case No. 2022-02906 

[*1]In the Matter of William J. Miller (Admitted as William John Miller), an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, William J. Miller (OCA Atty. Reg. No. 3994803), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, William J. Miller, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 17, 2001.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Michael S. Ross, Esq., for respondent.

 PER CURIAM 

Respondent William J. Miller was admitted to the practice of law in the State of New York by the First Judicial Department on September 17, 2001, under the name William John Miller. At all times relevant to this proceeding, he maintained a law office within the First Judicial Department.
By petition of charges noticed July 7, 2022, the Attorney Grievance Committee (AGC) alleged that respondent was guilty of professional misconduct due to (1) his failures to file his state and federal income tax returns for the preceding eight years and to pay his state and federal tax liabilities, and (2) his omissions and false statements in personal financial statements that he completed in connection with a line of credit he had at a major financial institution. The AGC and respondent jointly moved, under Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5), for discipline by consent and requested a six-month suspension. On December 23, 2022, we denied the motion and directed the parties to proceed in accordance with 22 NYCRR 1240.8(a)(5)(iv).
The parties stipulate that respondent was the sole source of income in his household, and was responsible for preparing and filing his and his wife's joint income tax returns. Following respondent's failure to file his and his wife's 2007 federal income tax returns by the due date, the Internal Revenue Service (IRS) opened an investigation into their tax liabilities for 2007. Respondent also failed to timely file his and his wife's federal income tax returns for tax years 2008 to 2014. Respondent filed their 2015, 2016, and 2017 federal income tax returns either on time or shortly after their respective due dates.
The IRS opened multiple civil examinations into respondent's tax liabilities. The parties stipulate that respondent untimely filed his and his wife's New York State income tax returns for tax years 2009 to 2016. As of the date of the parties' joint affirmation, respondent owed the IRS $10,167,574.66 in tax liability, including interest and penalties. He also accrued New York State income tax liability, including interest and penalties, of $147,915.77. Respondent intentionally omitted his assets and liabilities in connection with a line of credit that he has maintained with the financial institution since 2016 and omitted the IRS audits from his personal financial statements.
Respondent has spent his entire legal career at a major [*2]law firm. He has been a partner in its corporate practice group for approximately 14 years. As a longtime partner at the law firm, respondent earned a substantial income during the period in which he failed to file or pay income taxes.
In mitigation, the parties agree that respondent's misconduct did not involve the practice of law or adversely impact any client matters. Respondent has no history of prior discipline, fully cooperated with the AGC's investigation, accepted full responsibility, and is remorseful for his misconduct. The parties stipulate that during the years in question, respondent spent millions of dollars on his wife's medical needs, while supporting other family members facing serious financial needs, making charitable contributions to organizations, and supporting the daily needs and tuition for students at various schools across New York City. To date, he has paid back approximately $7 million in liabilities, penalties, and interest to the IRS and New York State. Respondent is current with his tax filings and expects to practice law again after his suspension.
The parties agree that a one-year suspension is appropriate discipline in this matter (see Matter of Lindenbaum, 172 AD3d 26 [1st Dept 2019]). The parties reference ABA Standard for Imposing Lawyer Sanctions standard 9.32 and suggest that the absence of a prior disciplinary record, respondent's full and free disclosure to the AGC and his cooperative attitude toward the proceedings, respondent's good character and reputation, and his remorse should be considered in mitigation.
As to the sanction to be imposed, we find that a one-year suspension comports with our precedent involving comparable income tax-related misconduct (see Matter of Rich, 157 AD3d 73 [1st Dept 2017]; Matter of Howley, 70 AD3d 218 [1st Dept 2009]). Despite respondent's failure to pay taxes, his suspension is mitigated by his generosity with his time and money and the lack of venal intent. There is no indication that respondent intended to benefit himself by failing to pay income taxes. Rather, it appears that respondent was motivated by an inordinate desire to benefit others. Respondent has sought mental health assistance, is willing to accept discipline by consent, and does not contest the disciplinary proceeding.
Accordingly, the parties' joint motion for discipline by consent should be granted to the extent that respondent William J. Miller is suspended from the practice of law in the State of New York for a period of one year, effective on January 9, 2025, and until further order of this Court, and that the AGC's petition of charges be denied as moot.
All concur.
Wherefore, it is Ordered that the parties' joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) is granted to the extent that respondent William J. Miller, admitted as William John Miller, is suspended from the practice of law in the State of New York for a period of one year, effective on January 9, 2025, and until [*3]further order of this Court, and the petition of charges is denied as moot,
It is further Ordered that pursuant to Judiciary Law § 90, respondent William J. Miller, admitted as William John Miller, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent William J. Miller, admitted as William John Miller, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, William J. Miller, admitted as William John Miller, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: December 10, 2024